PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  4:16-CR-48-6 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JOHN N. CLEMENS | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the Court upon Magistrate Judge George J. Limbert's Report and

Recommendation ("R&R") that the Court accept Defendant John N. Clemens' ("Defendant")

plea of guilty and enter a finding of guilty against Defendant.  ECF No. 136.

On February 10, 2016, the Government filed an Indictment against Defendant alleging

violations of 21 U.S.C. § 846 and 21 U.S.C. § 843(b), conspiracy to possess with intent to

distribute and distribute cocaine, and use of a telephone to facilitate drug trafficking,

respectively.  ECF No. 9.  Thereafter, Defendant notified the Court of  Defendant's intent to enter

a plea of  guilty.  ECF No. 130.  The Court issued an order referring the matter to Magistrate

Judge Limbert for the purpose of receiving Defendant's guilty plea.  ECF No. 133.

On September 27, 2016, Magistrate Judge Limbert held a hearing during which

Defendant consented to the order of referral (ECF No. 135) and entered a plea of guilty as to

Count 1of the Indictment.  Magistrate Judge Limbert received Defendant's guilty plea and issued

a Report recommending that this Court accept Defendant John N. Clemens' plea and enter a

(4:16-CR-48-6)

finding of guilty.  ECF No. 136.

The time limitation to file objections to the Magistrate Judge's Report and

Recommendation has expired and neither party has filed objections or requested an extension of

time.

Fed. R. Crim. P. 11(b) states:

Before the court accepts a plea of guilty or nolo contendere, the defendant may be
placed under oath, and the court must address the defendant personally in open
court. During this address, the court must inform the defendant of, and determine
that the defendant understands, the following: (A) the government's right, in a
prosecution for perjury or false statement, to use against the defendant any
statement that the defendant gives under oath; (B) the right to plead not guilty, or
having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D)
the right to be represented by counsel—and if necessary have the court appoint
counsel—at trial and at every other stage of the proceeding; (E) the right at trial to
confront and cross-examine adverse witnesses, to be protected from compelled
self-incrimination, to testify and present evidence, and to compel the attendance of
witnesses; (F) the defendant's waiver of these trial rights if the court accepts a
plea of guilty or nolo contendere; (G) the nature of each charge to which the
defendant is pleading; (H) any maximum possible penalty, including
imprisonment, fine, and term of supervised release; (I) any mandatory minimum
penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution;
(L) the court's obligation to impose a special assessment; (M) in determining a
sentence, the court's obligation to calculate the applicable sentencing-guideline
range and to consider that range, possible departures under the Sentencing
Guidelines, and other sentencing factors under 18 U.S.C. §3553(a); and (N) the
terms of any plea-agreement provision waiving the right to appeal or to
collaterally attack the sentence.

The undersigned has reviewed the transcript and the Magistrate Judge's R&R and finds,

that in his careful and thorough proceeding, Magistrate Judge Limbert satisfied the requirements

of Fed. R. Crim. P. 11 and the United States Constitution.   Defendant was placed under oath and

determined to be competent to enter a plea of guilty.  Defendant was made aware of the charges

(4:16-CR-48-6)

and consequences of conviction and his rights and waiver thereof.  Magistrate Judge Limbert also

correctly determined that Defendant had consented to proceed before the magistrate judge and

tendered his plea of guilty knowingly, intelligently and voluntarily.  Furthermore, the magistrate

judge also correctly found that there was an adequate factual basis for the plea.

Upon *de novo* review of the record, the Report and Recommendation is adopted.

Therefore, Defendant John N. Clemens is adjudged guilty of Count 1 of the Indictment,

conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. §

846.


IT IS SO ORDERED.


October 20, 2016
Date

s/ *Benita Y. Pearson*
Benita Y. Pearson
United States District Judge